UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taylor R. Huey, | Case No. 20-cv-1538 (PAM/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America,[1] | |
| Respondent. | |

This matter is before the Court on Petitioner Taylor R. Huey's ("Huey" or "Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I.   BACKGROUND

Huey was convicted in the United Strict District Court for the Eastern District of Virginia for Conspiracy to Commit Robbery and Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. (Dkt. 7 ¶ 3; Dkt. 7-1 at 2.) Huey

---

[1] As the Respondent argues, Petitioner's habeas claim is brought under 28 U.S.C. § 2241 "for which the warden would be the proper respondent[,] challenging his continued confinement and seeking a hearing on that basis." *Payen v. Jett*, 610 F. App'x 594, 595-96 (8th Cir.2015); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The current warden at the Federal Correctional Institution in Waseca, Minnesota, is Warden Mistelle Starr, and the Warden should be substituted automatically for the Respondent, United States of America, pursuant to Federal Rule of Civil Procedure 25(d).

was sentenced to a 292-month term of imprisonment followed by a 3-year term of supervision, with a projected release date of March 24, 2023, and was incarcerated at the Federal Correctional Institution in Waseca ("FCI-Waseca"), Minnesota at the time of filing the present Petition. (Dkt. 7-1).

As part of her Petition, Huey requested that she be placed on "home confinement" or to be "granted time served" pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Public Law No. 116-136. (Dkt. 1 at 11.) Huey argued that because the crime of which she was convicted was no longer considered a crime of violence, she met all of the criteria for home confinement. (*Id*. at 6.) Respondent United States of America ("Respondent") argued that Huey was not entitled to home confinement or release under the CARES Act and that placement decisions are not reviewable by courts. (Dkt. 6 at 11, 13, 15.)

On April 1, 2021, the Court ordered Respondent to file a letter updating the Court "as to the related proceedings, including the status of Petitioner's incarceration." (Dkt. 12.) On April 7, 2021, Respondent filed a letter and supporting declaration stating that Huey was granted compassionate release and released from BOP custody on December 18, 2020 and that the Petition should therefore be dismissed as moot. (Dkts. 13, 14, 14-1.)

## II.   DISCUSSION

Respondent argues that the Petition should be dismissed because Huey was granted compassionate release and released from custody on December 18, 2020, making her request for relief in the form of release moot. (Dkt. 13.) "Article III of the United

2

States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

This case became moot when Huey was released from custody because the Court "can no longer grant effective relief" since she is no longer in BOP custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of Huey's case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. First, there is no evidence of any cognizable collateral consequences that resulted from Huey not being released as early as she believed she should have been or related to her requested release. *See Scheper v. Rios,* 19-CV-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020), *R.&R. adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case, and there is no indication that Petitioner will be held in federal custody again. *See Ahmed*, 2017 WL 3267738, at *3.

In regard to the exception for when the "voluntary cessation of illegal conduct can be resumed", further detention is unlikely because Huey has been granted compassionate release and is no longer in BOP custody. Nevertheless, even assuming Huey was brought back into BOP custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis in original). In any event, Huey would

4

have the ability to bring a new habeas petition under a new set of facts and circumstances should she be returned to BOP custody.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3. Accordingly, the Court recommends dismissal of the Petition as moot.

## III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Taylor R. Huey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITHOUT PREJUDICE**.

DATED: April 19, 2021                                *s/Elizabeth Cowan Wright*
                                                     ELIZABETH COWAN WRIGHT
                                                     United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).